SARAH KUTCHER et al.

*v.*

ROSWELL C. WILLIAMS et al.

Judgment creditors sold all the real and personal estate of their debtors,. partners in the grocery trade. One of the plaintiffs bought all and carried on the trade for six months, when he sold all to the wives of the partners, who· secured the price first by chattel mortgage and then by real estate mortgage.. The wives employed their husbands to carry on the trade for them, giving· them their board and clothing.—*Held*, that, under our statutes respecting married women, both the stock of goods originally purchased and all the increase in that stock from the earnings or profits, belong to the wives the same as· though they were single women.

*Messrs. Coult & Howell,* for complainants.

*Mr. Philemon Woodruff,* for defendant Williams.

BIRD, V. C.

The complainants are married women. Their husbands had been engaged in the grocery business as partners, and, as such, became largely indebted to different persons, who recovered judgments against them. These judgment creditors levied on all the real and personal estate of the partners and sold it. One of the creditors purchased both ; the purchase included the stock of goods with which they were carrying on the grocery business.. After such purchase he conducted the same business for about six months in the same place in which the partners had. At the expiration of that period he sold all the stock of goods which he then had to the complainants, the wives of the defendants' debtors, for $3,041, taking as pay from them a chattel mortgage on· the same goods for $3,000, and cash, it is alleged, though not established, for the $41. Still later, the same judgment creditor, who had also purchased the land, sold and conveyed it to the complainants. He then accepted a mortgage on the lands for the. $3,000, surrendering the chattel mortgage.

Kutcher *v.* Williams.

When the wives bought the goods they made an arrangement with their husbands that the husbands should take charge of and conduct the grocery business for them, for doing which the wives were to give them their board and clothing. The wives agreed between themselves that they would take $1 each day from the business for their own use, independent of the business. From time to time the stock in trade has increased in quantity and value, which increase has arisen from the profits of the business only.

Some time after the business had been thus conducted one of the judgment creditors, whose claim had been unsatisfied, issued an *alias* execution, levied upon the goods on hand, and was about to offer them for sale, when all further proceedings were restrained by injunction. Shall this injunction be made perpetual is the question now before me?

The solution of this question depends upon the proper solution of the question, Whose trade or business was it that the husbands were carrying on? Our statute authorizes married women to receive real or personal estate by purchase, gift, grant, devise, descent, bequest, or in any other manner, and also further provides:

" That the wages and earnings of any married woman acquired or gained by her, after the passage of this act, in any employment, occupation or trade in which she is employed, and which she carries on separately from her husband, and all investments of such wages, earnings, money or property, shall be her sole and separate property, as though she were a single woman."

It will at once be seen that the purchase of the goods and lands by the wives from the owner who had purchased at sheriff's sale, was lawful unless conceived in fraud. But fraud must be proved; none has been shown on the part of the vendor. Indeed, it was frankly admitted that the transaction on his part was honest in all respects. Nor is there any proof of any fraud or fraudulent intent upon the part of the vendees. There is no direct or circumstantial evidence to show that they purchased for their husbands, or that their husbands were at all instrumental in procuring them to make the purchase. There is nothing in the case to show any trust whatever, excepting only what may be

Kutcher *v.* Williams.

said to arise from the fact that the wives made an arrangement with their husbands by which the husbands were to manage the business. I do not think that this warrants the conclusion that the purchase of the goods and land was in trust for the husbands.

Nothing appears by which the husbands could be held as principals in the transaction, as they could be if, in fact, the wives were only their agents or trustees.

But then, since several years elapsed since the purchase and before the levy now sought to be enforced, there are other goods there in the room of many which had been sold, and also a larger quantity of goods representing the profits or earnings of the business.

This new supply and these additions, it is claimed, are subject to this levy. If there had been no increase in the amount of stock or goods, in value or otherwise, then, I think, under our statute, which gives the right to a married woman to receive real or personal estate by purchase or otherwise, it would be difficult to find that the title to these goods is, in equity, in the husbands. So far as the facts go, the entire transaction is no more than the sale of the goods of a wife by her husband, and the purchase of other goods by him for her with the money.

But it is insisted that there were earnings in this trade which were also employed in the same manner as the original investment, and that such earnings are liable to be appropriated to the payment of the husband's debts. This insistment is placed on the charge that this business or trade was not the business or trade of the wives within the true meaning of the act cited above. The act gives to the wife her wages and earnings acquired in any employment, occupation or trade carried on separately from her husband. It is important to observe that the trade must be carried on *separately* from her husband. Was this trade or business carried on separately from the husbands? If the husbands were in the employ of their wives, and no other relation existed between them with respect to that business, then the law is not in doubt in this state. I think that the case of *Tresch* v. *Wirtz, 7 Stew. Eq. 124, affirmed on appeal 9 Id. 356,* makes it clear that

such relations as employer and employed, and principal and agent,. may exist between the wife and her husband without subjecting the wife's interest in the undertaking to the debts of the husband.

In every such case the court must be satisfied that the trade or employment is the trade or employment of the wife, and honestly carried on by her separately from her husband. I think the legislature did not mean that the employment of the husband by the wife necessarily makes the trade his trade, and that all the earnings thereof are, therefore, his. It seems to me that where the wife embarks in business and chooses to employ an agent or servant, that that agent or servant may be her husband as well as a stranger. The fact that the agent is the husband does not make the trade his, any more than the employment of a skilled accountant by a banker makes the business that of the accountant, in the absence of any trust, rather than that of the banker.

But the interest of the wife in the trade must be substantial, not simply nominal or mythical. In this case the interest of the wives was substantial. They invested, ultimately, $3,000. Certainly without them no business or trade could have been carried on by their husbands, overwhelmed, as they were, in debt. Now, after the fullest consideration, I cannot conclude that the trade or business and the earnings thereof, are not within the statute. I think that this view has a wise public policy to support it. It is true it is public policy to encourage the payment of debts, and to that end to discountenance and frustrate all fraud; but that policy has equal claims to our regard which preserves the domestic relation without the infraction of other well-defined rights. Hence, I conclude that where the wife employs her capital to establish a business, it is not fatal to the enterprise, in case she employs her husband in and about that business, even though the husband be largely indebted.

I will advise that the injunction be made perpetual. The complainant is entitled to costs.